UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:21-cr-00491 |
| Plaintiff, | ) ) ) | Judge J. Philip Calabrese |
| v. | ) ) | |
| PAUL SPIVAK, | ) ) | |
| OLGA SMIRNOVA, | ) ) | |
| CHARLES SCOTT, | ) ) | |
| and | ) ) | |
| CHRISTOPHER BONGIORNO, | ) ) | |
| Defendants. | ) ) | |

# ORDER

On May 31, 2024, the Court ruled that the trial of this matter will proceed in three phases before the same jury. (ECF No. 327, PageID #3252.) The United States seeks reconsideration. Initially, Mr. Bongiorno sought a continuance or severance, though he later withdrew that motion due to changed personal circumstances. In this ruling, and assuming familiarity with the Court's Omnibus Opinion and Order dated May 31, 2024, the Court reconsiders its ruling regarding the sequencing and structure of the trial.

## ADDITIONAL BACKGROUND

On July 1, 2024, the United States sought reconsideration, specifically requesting to sever the trial of Mr. Bongiorno to allow a single trial on Count 1 and

1

Count 2 (and the related fraud charges) to proceed as to the other Defendants. (ECF No. 339.) The United States filed this motion in anticipation of Mr. Bongiorno's forthcoming (at the time) motion for a continuance or severance. (*Id.*, PageID #3309.) The next day, Mr. Bongiorno filed his motion. (ECF No. 340.)

At a status conference on July 8, 2024, the Court granted the request of the United States to brief its position that trying Count 1 and Count 2 together would not prejudice Mr. Spivak's potential entrapment defense to the latter charge. (ECF No. 350, PageID #3430–31 & 3440–41; *see also* ECF No. 319, PageID #3134–35). On the day after this status conference, Mr. Bongiorno withdrew his motion due to changed circumstances. (ECF No. 348.) On July 11, 2024, Mr. Scott opposed the first motion for reconsideration the United States filed. (ECF No. 349.)

On July 15, 2024, the United States filed a supplemental motion addressing the issue of potential prejudice to Mr. Spivak's entrapment defense. (ECF No. 356.) In its supplemental motion, the United States "urg[es] the Court not to bifurcate trial of Counts 1 and 2 and instead sever Bongiorno." (ECF No. 356, PageID #3487; *see also* ECF No. 339, PageID #3309.) Mr. Bongiorno opposes this request arguing now that, if the United States wanted a separate trial as to him, it should have brought a separate indictment and pointing to prejudice. (ECF No. 368.)

## ANALYSIS

Rule 8(b) permits joinder of "2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim P. 8(b). "All

2

defendants need not be charged in each count." *Id.* Additionally, Rule 8 allows for joinder of two or more offenses where "the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). These Rules "promote economy and efficiency" and seek "to avoid a multiplicity of trials, where these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." *Bruton v. United States*, 391 U.S. 123, 131 n.6 (1968) (citation omitted). Joinder of the parties and charges in this case is proper. Defendants did not and do not dispute this.

Rule 14 gives the Court discretion to "order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "As a general rule, persons jointly indicted should be tried together because 'there is almost always common evidence against the joined defendants that allows for the economy of a single trial.'" *United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002) (quoting *United States v. Phibbs*, 999 F.2d 1053, 1067 (6th Cir. 1993)). "Severance should be granted only when 'there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *United States v. Sherrill*, 972 F.3d 752, 763 (6th Cir. 2020) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).

To support a motion for relief from prejudicial joinder, Defendants must point to "specific 'substantial,' 'undue,' or 'compelling' prejudice" that results from "a

'spillover of evidence' from one case to another." *United States v. Fields*, 763 F.3d 443, 457 (6th Cir. 2014) (quoting *Lopez*, 309 F.3d at 971). To determine whether joinder prejudices a party, the Sixth Circuit "consider[s] such factors as whether spillover evidence would incite or arouse the jury to convict on the remaining counts, whether the evidence was intertwined, the similarities and differences between the evidence, the strength of the government's case, and the ability of the jury to separate the evidence." *United States v. Soto*, 794 F.3d 635, 656–57 (6th Cir. 2015) (citations omitted).

**I.  Severance**

Previously, the United States opposed Mr. Bongiorno's motion to sever. (ECF No. 339, PageID #3309; *see* ECF No. 303, PageID #2834; *see* ECF No. 305, PageID #2888.) Its omnibus response to Defendants' various pretrial motions sought to try all Defendants together in a single trial. (ECF No. 303, PageID #2831; ECF No. 305, PageID #2885.) Despite recognizing "the Court's decision not to entertain additional motions on the question of severance, bifurcation, and separate trials after the Rule 12 deadline" (ECF No. 339, PageID #3310), the United States now asks the Court to exercise its discretion to sever Mr. Bongiorno's trial (ECF No. 339, PageID #3309; ECF No. 356, PageID #3487). It argues that "severing him is the best way to address the Court's concerns about jury confusion, spillover evidence, and protect [Mr.] Bongiorno's right to a fair trial." (ECF No. 339, PageID #3311.) "This course most efficiently addresses [Mr.] Bongiorno's and the Court's concerns about prejudice to [Mr.] Bongiorno." (ECF No. 339, PageID #3309.) In its view, the other "Defendants are not similarly situated," and the evidence of the "first conspiracy" is "relevant,

4

probative, and admissible" for numerous reasons "for all of the charged counts" (and vice versa) under Rule 404(b). (ECF No. 339, PageID #3311.) The United States premises this argument on its "understand[ing that] the Court had specific concerns about the potential prejudice to [Mr.] Bongiorno." (*Id.*)

In their pretrial motions, multiple co-Defendants sought severance of particular Defendants or particular charges. (ECF No. 275; ECF No. 276; ECF No. 278; ECF No. 288.) With respect to Mr. Bongiorno, the Court employed the general presumption that defendants jointly indicted should be tried together. *Lopez*, 309 F.3d at 971. After considering the factors identified in the law of this Circuit, *Soto*, 794 F.3d at 656–57, the Court found that the common evidence on Count 1 outweighed any prejudice to Mr. Bongiorno and declined to order a separate trial for him.

Upon reconsideration, the Court stands by that determination for the same reasons. In short, nothing in the record regarding the length of the trial for Count 1 supports the claim that "[t]he most efficient way to minimize prejudice" is to have a separate trial for Mr. Bongiorno. (*See* ECF No. 339, PageID #3313.) A second trial on a future date to present, again, much of the same evidence of the conspiracy charged in Count 1 and the related fraud charges would burden a second lay jury and require the same witnesses to testify at two separate trials at different times, including those that Mr. Bongiorno intends to call. (*See* ECF No. 368, PageID #3554.) Sequencing the presentation of evidence as the Court ordered on May 31, 2024 results in a lower overall burden than that proposal, even if some evidence will be presented

5

twice. Put simply, having *some* evidence presented twice before the same jury will be more efficient than having *much* of that same evidence regarding the charges against Mr. Bongiorno in Count 1 presented a second time before a *different* jury.

As for Mr. Scott's request for severance, in its Omnibus Opinion and Order, the Court found that his argument for severance ultimately "concern[ed] Rule 801(d)(2)(E) of the Federal Rules of Evidence, which makes co-conspirator statements not hearsay" and that, at the time, he "point[ed] to no other prejudice that would justify relief from proceeding to trial with his co-defendants." (ECF No. 327, PageID #3253–54.) Initially, he maintained that, "if [Mr.] Spivak and Mr. Scott stand trial joined as co-defendants, there will be a heightened risk of prejudice against Mr. Scott resulting from the admission of [Mr.] Spivak's hearsay statements." (ECF No. 275, PageID #2160.)

In response to the motion of the United States for reconsideration, Mr. Scott now argues more specifically that, because his case was not severed, trying Count 1 and Count 2 together will "irreparably harm[]" him "for the same reasons that this Court . . . initially ruled—likelihood of confusion on the part of the jury and prejudice to the defendants." (ECF No. 349, PageID #3390.) His argument boils down to the fact that incriminating statements Mr. Spivak made "may be admissible under the co-conspirator exception as to Count 2" but because there is no overlap in time between Count 1 and Count 2, there is no potential hearsay exception to Count 1 for the statements, "making the statements irrelevant and highly prejudicial." (*Id.*) As the Court previously discussed, Mr. Scott will face the same difficulties regarding

6

these statements whether tried with his co-defendants or separately. (ECF No. 327, PageID #3253–54.) Therefore, they do not provide a basis for a separate trial for Mr. Scott.

## II. Sequencing

The United States seeks reconsideration of the Court's order sequencing the trial in three separate phases before the same jury. (*See* ECF No. 327, PageID #3252.) After thoroughly reviewing Defendants' pretrial motions, the response from the United States, and Defendants' replies, and after hearing over three hours of oral argument, the Court found that multiple reasons justified its decision not to sever Mr. Bongiorno and its decision to proceed with the trial in three phases: (1) "[b]ased on its familiarity with the facts charged from its pretrial management of the case," trial of the Counts together "[would] be difficult for a jury to separate Count 1 from Count 2;" (2) "[n]otwithstanding the different time periods at issue in each charge and the related securities and wire fraud charges, the allegations involve similar conspiracies, as well as conduct and transactions, beyond the ken of a lay jury;" (3) "the conspiracy charges add a layer of complexity," especially since "Mr. Bongiorno is charged with only one of the two conspiracies;" and—not at issue here—(4) "[t]he obstruction counts threaten to color the actions of all co-Defendants, particularly Ms. Smirnova." (*Id.*)

To secure a single trial of Count 1 and Count 2 (and their related fraud charges), the United States now asks the Court to exercise its discretion to sever Mr. Bongiorno, resulting in a single trial on Count 1 and Count 2 against common Defendants (ECF No. 339, PageID #3309; ECF No. 356, PageID #3487). Also, in its

7

supplemental motion for reconsideration, the United States argues that Mr. "Spivak's concern about his predisposition evidence does not establish the prejudice that mandates bifurcation" and that "forcing the parties to try the Counts separately on that basis necessarily means the Court would prematurely decide evidentiary issues." (ECF No. 356, PageID #3486.) Further, it assumes, based on its own portrayal of how it planned to proceed with the presentation of evidence—as of oral argument in April 2024—that the Court "inferred" a few things: (1) "that the Government's evidence would be presented in chronological order, such as having each witness start at the beginning and proceed through to the end of the time period" and (2) "that the evidence as a whole existed in discrete chronological silos with no crossover." (ECF No. 339, PageID #3312.)

As the Court stated on the record during the July 8, 2024 hearing, "there were many factors that went into" deciding to try Count 1 and Count 2 separately. (ECF No. 350, PageID #3440.) "[I]t was not simply either the potential of prejudice, given the potential predisposition defense on Count 2" or simply the "potential for prejudice to Mr. Bongiorno, or anyone else, but there were a host of considerations that went into that." (*Id.*; *see also* ECF No. 327, PageID #3252.) Among other things, the Court exercised its discretion based on the complexity of the facts involving numerous transactions of a type generally unfamiliar to a lay jury and based on the potential for confusion of the issues because the two different conspiracies charged occurred at different times and involved different co-conspirators. By focusing on Mr. Spivak's argument at the oral argument on April 25, 2024 about his predisposition defense to

8

Count 2, the United States misses the forest for the trees and ignores the many reasons the Court found that the record here supports trifurcating the trial. In short, in this case, proceeding with trial in separate phases seeks to promote a reliable judgment by the jury about guilt or innocence and to minimize prejudice to all parties. *Sherrill*, 972 F.3d at 763 (quoting *Zafiro*, 506 U.S. at 539).

To reconsider this structure for the trial, the United States makes several arguments, which the Court addresses in turn:

*First*, contrary to the assumption of the United States, the Court did not infer that there would be *no* crossover evidence from Count 2 into the first phase of the trial on Count 1. It simply found that any "spillover of evidence" from trying the conspiracy counts *together*, that would not crossover if tried separately, would create substantial prejudice to Defendants. (*See* ECF No. 327, PageID #3251–52.) The United States argues that the Court's decision to bifurcate "necessarily exclude[s] evidence during the Count 1 phase of the trial." (ECF No. 356, PageID #3490.) This position assumes too much. The Court has not yet made any evidentiary rulings on this basis. Nowhere has the Court stated that, or proceeded as if, *no* evidence relating to Count 2 comes in during the trial of Count 1. To be sure, the analysis of relevance, prejudice, and the other Rule 403 factors will change. But the chronological presentation of evidence, to which the United States remains generally committed (*see* ECF No. 339, PageID #3312), does not result in *per se* or automatic exclusion of evidence ending with the conclusion of the conspiracy at issue in Count 1.

9

*Second*, the United States maintains that evidence from the second conspiracy (Count 2) "is relevant to the first conspiracy to prove, among other things, knowledge and intent under Rule 404(b)." (*Id.*, PageID #3311.) For example, (1) "Defendants made statements about their conduct in the first conspiracy while committing the second;" (2) "[e]vidence from the second conspiracy is relevant to the first conspiracy to prove, among other things, knowledge and intent under Rule 404(b);" and (3) it "intends . . . to seek the admission of evidence from the second conspiracy, including statements made by the Defendants, to prove state of mind and for other permissible purposes in its presentation of case-in-chief of the first conspiracy." (*Id.*; *see also* ECF No. 356, PageID #3489 ("[T]here is a lot of probative evidence for Count 1 arising out of the events alleged as part of Count 2 and the obstruction counts that is admissible under Rule 404(b).").  Importantly, the United States does not claim that *all* evidence supporting Count 2 will be admissible in a trial of Count 1, just that *some* of it will.

Setting aside the fact that the United States argues in generalities and points to only limited examples of the specific evidence it seeks to admit in the first phase of the trial, and has not yet provided notice of the Rule 404(b) evidence it intends to use, bifurcating Count 1 from Count 2 presents a better method for minimizing the serious risk that a single trial would prevent the jury from making a reliable judgment of guilt or innocence.  Even if the facts overlap to some degree, separate phases of the trial will ensure the reliability of the jury's findings on each count.

10

## CONCLUSION

Ultimately, reconsideration of the sequencing and structure of the trial reinforces the concerns about jury confusion and prejudice expressed in the Court's Opinion and Order of May 31, 2024. Whether Mr. Bongiorno is severed or not, the Court remains of the view "that Defendants have carried their burden of pointing to specific substantial prejudice from trying all counts in the indictment together" and that a single trial involving both alleged conspiracies would compromise the reliability of the verdict. (*See* ECF No. 327, PageID # 3252.) The record demonstrates substantial risk of confusion from trying Count 1 and Count 2 together before a lay jury presented with the complicated transactions, involving different but similar conspiracies over different periods of time involving some of the same individuals. Therefore, the Court's severance and sequencing rulings fashions the proper "relief that justice requires." *See* Fed. R. Crim. P. 14(a).

For all these reasons, as well as those in its Omnibus Opinion and Order dated May 31, 2024 (ECF No. 327), the Court **DENIES** the motions to reconsider its severance and sequencing rulings (ECF No. 339; ECF No. 356). Trial will proceed as previously outlined: *first*, on Count 1 and its related fraud charges; *second*, on Count 2 and its related fraud charges; and *third*, on the obstruction charge or charges.

**SO ORDERED.**

Dated: July 20, 2024

                                                                     J. Philip Calabrese
                                                                     United States District Judge
                                                                       Northern District of Ohio